IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EARL LEWIS ANDERSON, JR.                                                                PLAINTIFF

VS.                                                           CIVIL ACTION NO. 3:16cv37-DPJ-FKB

MAURICE FLEMMING, et al.                                                             DEFENDANTS

## REPORT AND RECOMMENDATION

### I. Procedural Background

Earl Lewis Anderson, Jr. is a pretrial detainee being held at the Holmes-Humphreys County Correctional Facility. He is proceeding *pro se* and has been granted *in forma pauperis* status. Anderson brought this action complaining of a variety of actions by numerous defendants including law enforcement officers, deputy clerks with the Holmes County Justice Court, and the Attorney General of Mississippi. The district judge referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). On September 19, 2017, the undersigned held a hearing for the purpose of clarifying Anderson's claims and determining whether any should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] Also before the Court are Anderson's motion for summary judgment and to consolidate [48], his motion to be transferred to federal custody [60], his motion to amend his complaint [71], and the motion of Defendant Joshua Macko to dismiss, or alternatively, for judgment on the pleadings [52]. Having considered Anderson's initial complaint [1], his amended complaint [36], his testimony at

---

[1] Anderson was not incarcerated at the time he filed his complaint. Nevertheless, because he is proceeding *in forma pauperis*, consideration of dismissal under § 1915(e)(2)(B) is appropriate. *See Newsome v. EEOC*, 301 F. 3d 227 (5th Cir. 2002) (affirming dismissal pursuant to § 1915(e)(2)(B) of nonprisoner complaint); *Bell v. Children's Protective Serv.*, 547 Fed. Appx. 453 (5th Cir. 2013) (same).

the hearing, and the pending motions and responses, the undersigned recommends that Anderson's motions be denied, that Defendant Macko's motion be granted, and that all remaining claims be dismissed except for Anderson's claims of excessive force against Defendants Maurice Flemming, Eddie Edison, Faben Riley, and Marcus Bennett arising out of the incident of February 2, 2014.

## II. Allegations

**The Traffic Stop and Arrest of February 2, 2014**.  On February 2, 2014, Maurice Flemming, an officer with the Mississippi Department of Public Safety (MDPS), made a traffic stop of Anderson while Anderson was driving his commercial truck. Anderson's version of the relevant events is as follows.  Flemming questioned him as to why Anderson's truck had been at the home of Flemming's girlfriend.  Because Anderson did not know Flemming, Anderson asked him who he was and why he had stopped him.  Flemming responded by drawing his weapon, opening the truck's door, and grabbing Anderson by the neck.  Anderson, fearing for his life, pulled away and drove to the home of the Holmes County Sheriff, Willie March.  En route, Anderson called Sheriff March and alerted him to the situation. When Anderson arrived at Sheriff March's house, Flemming and other officers were waiting on him.  Two of the other officers, Eddie Edison and Joshua Macko, tasered him upon the order of Flemming. Flemming then assaulted Anderson.  Thereafter, Anderson was taken to the Holmes-Humphreys County Correctional Facility, where he was beaten several times over a five-hour period.  Anderson alleges that Defendants Riley, Bennett, and Griffin also participated in one or more of these assaults.

Anderson was prosecuted in the Justice Court of Holmes County in connection with the events of February 2, 2014, and was convicted of the misdemeanor offenses of reckless driving, first offense DUI, disregard to traffic safety, and resisting arrest. Anderson appealed these convictions, which bore the action numbers of 14-0046, 14-0047, 14-0048, and 14-0049, to the Circuit Court of Holmes County. *See* [48-2] and [49-4]. The status of those appeals is unclear. In August of 2014, Anderson was indicted in cause no. 14-0059 in the Circuit Court of Holmes County for felony fleeing from a law enforcement officer. The indictment indicates that the charges arise out of the traffic stop of February 2, 2014. [49-7]. Anderson is awaiting trial on the indictment.

**The incident of August 8, 2014**. Anderson alleges that on August 8, 2014, two Tchula police officers, Kenneth Hampton and Willie Phillips, fired over 40 rounds into Anderson's vehicle and into an occupied trailer at a deer camp. According to Anderson, Defendant Edison was also involved in this incident. In February of 2015, Anderson was indicted in the Circuit Court of Holmes County on two counts of aggravated assault on a law enforcement officer. The indictment, bearing cause number 15-0021, charges that on August 8, 2014, Anderson attempted to hit Officer Kenneth Hampton with a motor vehicle. [48-3]. According to the documents submitted by Anderson, that indictment was remanded to the file and Anderson was re-indicted on the charges in cause no. 16-0157. [48-4]. Anderson is awaiting trial on this latter indictment.

**The Conspiracy**. Patricia Watts Dean is a deputy clerk in the Holmes County Justice Court. Anderson states that Dean and Maurice Flemming work in the same office and that he has seen a photo in which Flemming and Dean are hugging.

3

According to Anderson, Dean has told Anderson that he is the father of her daughter, Crystal Dean, and for over thirty years has been threatening him verbally and extorting money from him. Anderson contends that the incidents involving Flemming and other law enforcement officers described above, and the related criminal proceedings, are all connected and are part of a conspiracy between Dean and the other defendants to harass him and falsely accuse him of wrongdoing.

### III. Analysis of Claims

Anderson has not alleged any basis for federal jurisdiction. Clearly, the only possible basis is pursuant to 28 U.S.C. § 1983. It is within the framework of that statute that the undersigned has analyzed Anderson's claims.

Anderson's allegations of excessive force in connection with the incident of February 2, 2014, state claims under § 1983. The defendants whom he has identified as being directly involved in his alleged assaults on that day are Maurice Flemming, Eddie Edison, Joshua Macko, Faben Riley, Marcus Bennett, and Lonnie Griffin. For the reasons stated below, the undersigned recommends that the claims against Defendants Macko and Griffin be dismissed. The undersigned recommends that the remaining excessive force claims be stayed pending completion of the related criminal proceedings. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (observing that it is common practice to stay a civil action until the related criminal case has ended.)

Anderson has not specifically alleged that Flemming did not have reasonable suspicion to carry out the traffic stop of February 2, 2014. To the extent that Anderson is attempting to assert a claim of this nature, it would be barred by *Heck v. Humphrey*,

4

512 U.S. 477 (1994), in that success on the claim would necessarily imply the invalidity of his convictions for reckless driving, first offense DUI, and disregard of traffic safety.[2] Therefore, the undersigned recommends that any such claims be dismissed.

The incident of August 8, 2014 is already the subject of an earlier-filed case currently pending in this court, *Earl Lewis Anderson, Jr. v. Tchula Police Dept., et al*, civil action no. 3:15cv603-CWR-LRA. For this reason, the undersigned recommends that the claims arising out of this incident be dismissed without prejudice.

Anderson's claims of conspiracy also fail as a matter of law. His conclusory allegations and his personal belief that he has been the object of a conspiracy involving law enforcement are insufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The undersigned recommends that Anderson's claims of conspiracy be dismissed.

At the hearing, Anderson was questioned as to why he was suing each defendant, and his responses included some allegations that were not in his complaint or amended complaint. Anderson stated that he was suing Jerry Davis, an officer with the Mississippi Bureau of Investigation, because Davis's investigation of the incidents involving Anderson was biased. Anderson accused Officer Charles Lawrence of threatening him and preventing him from entering the MDPS building in order to file a complaint. His reason for suing Officer Alberta Santa Cruz, an administrator with

---

[2] In *Heck*, the Supreme Court held that a plaintiff may not recover damages under § 1983 if a judgment in his favor would necessarily imply the invalidity of an underlying criminal conviction or sentence, unless the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 477at 487. Anderson has not shown that these convictions have been invalidated in any way.

MDPS, was that Santa Cruz was biased against him and had failed to find in his favor on an administrative complaint he filed in 2012 or 2013; he explained that he was suing Officer Ken Brown for "the same reason." Anderson's allegations against Officer Chris Simmons were that Simmons had made a traffic stop of Anderson and had attempted to confiscate Anderson's commercial driver's license. Anderson stated that Officer Robert Adkinson had wrongfully stopped him for a speeding violation and had conspired to issue him a ticket. When questioned about Lillie Simmons, a deputy clerk in the Holmes County Justice Court, Anderson stated that she had conspired with Dean to extort money from him and hindered (but not prevented) his appeal of his misdemeanor convictions by refusing to provide him with copies of documents. His reason for suing Crystal Dean was that she had conspired with her mother. As to his reason for suing the state attorney general, Anderson explained that the attorney general was part of the conspiracy against him. None of these facts state a cognizable claim for relief under § 1983. To the extent that Anderson is attempting to hold these defendants liable for the acts alleged, these claims should be dismissed.

### IV. Pending Motions

Anderson has filed a document designated as a motion for summary judgment and motion for consolidation of this action with *Earl Lewis Anderson, Jr. v. Tchula Police Dept., et al*, civil action no. 3:15cv603-CWR-LRA. The motion merely alleges various acts of wrongdoing in his criminal proceedings. There is nothing in the motion that establishes that Anderson is entitled to judgment on any claim, and the undersigned recommends that the motion for summary judgment be denied. As to Anderson's

request to consolidate, the undersigned recommends that that motion be denied in light of the recommendation that the claims concerning the incident of August 8, 2014, be dismissed without prejudice.

Also before the Court is Anderson's motion to be transferred to federal custody. Anderson states that the reason for his request is that he has been assaulted and threatened at the Holmes-Humphreys County Correctional Facility. This court is without authority to order the transfer Anderson seeks. The undersigned recommends that this motion be denied.

Defendant Joshua Macko has filed a motion to dismiss or, alternatively, for summary judgment. In the motion, Macko argues that the statute of limitations has run on Anderson's claim against him for excessive force. The applicable statute of limitations for claims under § 1983 is the state's general personal injury limitations period. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Mississippi's statute for personal injury claims, Miss. Code Ann. § 15-1-49, provides for a three-year limitations period. Anderson's claim against Macko accrued on February 4, 2014. Anderson signed his original complaint on January 22, 2016. However, Macko was not named as a defendant in the original complaint. Macko was first identified as a defendant when on February 24, 2017, Anderson filed a motion to amend his complaint to include allegations against Macko and other additional defendants. [29]. The motion was initially denied, but granted upon reconsideration on May 31, 2017 [35], and the amended complaint was filed that day [36]. Thus, Macko did not became a defendant until May 31, 2017, the date the Court granted his motion to amend and directed the

7

Clerk to file his amended complaint. By that date, the three-year period had run.[3] For this reason, the undersigned recommends that the motion be granted and that Macko be dismissed as a defendant.

The reasons for dismissing the claims against Macko are equally applicable to Lonnie Griffin. Like Macko, Griffin was not named as a defendant in the original complaint and did not become a defendant until the filing of the amended complaint on May 31, 2017. Accordingly, the undersigned recommends that Lonnie Griffin be dismissed as a defendant.

Since the *Spears* hearing, Plaintiff has filed a motion for leave to amend his complaint [71]. The motion consists primarily of discussion of his claims of conspiracy. Nothing in the motion suggests that Plaintiff has any viable claim against any current or proposed defendant other than the excessive force claims already discussed, and the undersigned recommends that the motion be denied.

## V. Conclusion

The only viable claims are those of excessive force against Maurice Flemming, Eddie Edison, Faben Riley, and Marcus Bennett arising out of the incident of February 2, 2014. The undersigned recommends that Anderson's motions be denied, that Joshua Macko's motion to dismiss be granted, and that all remaining claims and

---

[3] Mississippi law determines the date on which the statute of limitations was tolled on Anderson's excessive force claims. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998) (federal court applying forum state's statute of limitations also applies state's tolling principles). Under Mississippi law, the statute was tolled on the date the motion to amend was granted. *See Wilner v. White*, 929 So. 2d 315, 319 (Miss. 2006) (where a motion to amend is filed, statute of limitations is not tolled until the court grants the motion). In any event, the statute of limitations had already run by the time Anderson filed his motion to amend on February 24, 2017.

8

defendants be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(B)(ii).  The undersigned further recommends that this action be stayed pending resolution of Anderson's appeals in Holmes County Justice Court cause numbers 14-0046, 14-0047, 14-0048, and 14-0049, his felony proceedings in Holmes County Circuit Court cause number 14-0059, and any other criminal proceedings related to the incident of February 4, 2014.                                                .

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 12th day of January, 2018.

s/ F. Keith Ball
United States Magistrate Judge
