UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EARL LEWIS ANDERSON, JR.                                                       PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:16-CV-37-DPJ-FKB

MAURICE FLEMMING, ET AL.                                                    DEFENDANTS

ORDER

Pro se plaintiff Earl Lewis Anderson, Jr., proceeding in forma pauperis, filed this civil-rights suit based on events related to his February 2, 2014 arrest in Holmes County, Mississippi. For the reasons that follow, the Court finds that Anderson has said enough to move forward with his excessive-force claims against Defendants Maurice Flemming, Eddie Edison, and Faben Riley. All other claims are dismissed.

I.     Background

Anderson filed his original Complaint on January 25, 2016, offering a fairly concise statement of his claims. He generally said that Defendant Patricia Watts Dean had attempted to extort money from him by claiming that Anderson was the father of her daughter, and that Dean conspired with the other Defendants to force Anderson to pay. All of that allegedly culminated on February 2, 2014, when Officer Flemming arrested Anderson and then, with the help of other Defendants, used excessive force against him. *See* Compl. [1] at 2–3.

While that seemed clear enough, Anderson's claims got murkier when he filed his Amended Complaint [36], wherein he added new defendants and new allegations that went beyond the February 2 arrest; most notably, Anderson says that on August 8, 2014, officers fired 40 rounds into Anderson's car and trailer before arresting him. Am. Compl. [36] at 3. He then asserts various grievances related to the resulting criminal prosecution. *Id.*

The Court referred Anderson's case to United States Magistrate Judge F. Keith Ball on August 31, 2017, a *Spears* hearing followed, and Judge Ball then entered a Report and Recommendation ("R&R") [74].[1] In the R&R, Judge Ball recommended that the Court deny Anderson's Motion for Summary Judgment and to Consolidate [48], his Motion for Transfer into Federal Custody [60], and his Motion to Amend [71]; that Defendant Joshua Macko's Motion to Dismiss [52] be granted; that the Court dismiss "all remaining claims except for Anderson's claims of excessive force against Defendants Maurice Flemming, Eddie Edison, Faben Riley, and Marcus [Barnett] arising out of the incident of February 2, 2014"; and that those claims be stayed pending resolution of the related criminal proceedings. R&R [74] at 2. Anderson filed two documents following the entry of the R&R, which the Court construes together as constituting his objections thereto. *See* Aff. [76]; Objection [78]. For the reasons that follow, the R&R is adopted as modified.

II. Analysis of Objections

Anderson's discursive objections are difficult to follow, and in many ways he fails to offer substantive arguments regarding Judge Ball's recommendations. Nevertheless, the Court has thoroughly reviewed his submissions and will address the bigger issues.

A. Recommendation to Dismiss Claims

Judge Ball recommended that the Court dismiss all claims except for the excessive-force claims against Flemming, Edison, Riley, and Barnett relating to the February 2, 2014 incident. Anderson has not offered any reason to reject that recommendation as to most Defendants. For example, there is nothing in the record plausibly suggesting liability for Defendants Jerry Davis,

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), abrogated in part on other grounds by *Weitzke v. Williams*, 490 U.S. 319, 328 (1989).

Charles Lawrence, Albert Santa Cruz, Ken Brown, Chris Simmons, Robert Adkins, Lillie Simmons, or Attorney General Jim Hood related to the events of February 2, 2014. Those Defendants are dismissed.

Anderson does, however, press his conspiracy claim throughout his objections. *See* Aff. [76] at 5–6. On this claim, Judge Ball concluded that Anderson offered nothing more than conclusory allegations that Defendants conspired against him. R&R [74] at 6. That observation is generally true. "The essence of a conspiracy is an understanding or agreement between the conspirators." *Holdiness v. Stroud*, 808 F.2d 417, 425 (5th Cir. 1987). And an agreement cannot be established with "[m]ere conclusory allegations"; instead, Anderson "must plead the operative facts upon which [his] claim is based." *Id.*, *quoted* in *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 390 (5th Cir. 2017). Anderson has not met that burden even after multiple submissions and live testimony.

But that is not the only reason why this claim fails. Most notably, civil-rights conspiracies fall under 42 U.S.C. § 1985(3), and to state such a claim, the conspiracy "must have a 'racially based animus.'" *Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013) (quoting *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994)). Here, Anderson says Defendants conspired against him because he refused Defendant Dean's attempts to extort money from him. *See, e.g.*, Compl [1] at 2. He has not alleged racial animus, and the civil-rights conspiracy claim must therefore fail.[2]

---

[2] Anderson generally couches his claims in terms of federal law. But because he is proceeding pro se, the Court must read his pleadings broadly. Assuming he intended a civil-conspiracy claim under state law—which is not apparent—the Court would decline supplemental jurisdiction. The excessive-force claim presents a discrete factual and legal issue that will be decided based on an objective standard. *See Graham v. Connor*, 490 U.S. 386, 397 (1989)

For these reasons, Judge Ball's recommendation regarding the claims will be adopted, but with one modification. Judge Ball correctly concluded that the excessive-force claims against Joshua Macko and Lonnie Griffin are time-barred, a point Anderson did not dispute. R&R [74] at 7–8. That said, the analysis applies equally to Defendant Marcus Barnett. During the hearing, Anderson testified that he sued Barnett because Barnett attacked him on February 2, 2014, based on Flemming's orders. Tr. [75] at 25. Yet Anderson did not add his claims against Barnett until June 22, 2017, more than three years after the claims accrued. Anderson's claims against Barnett are time-barred and therefore dismissed. *See* 28 U.S.C. § 1915(e)(2)(B) (stating that "court shall dismiss the case at any time if the court determines that" the action "is frivolous or malicious" or "fails to state a claim on which relief may be granted").

B.      Other Issues

As noted, Anderson's objections largely address issues that do not affect Judge Ball's recommendation on which claims to dismiss. Instead, much of what Anderson says attempts to expand his case or somehow relates to his Motion to Amend [71]. For instance, Anderson says the Court should allow him to again amend his complaint to add a civil RICO claim. "To establish a civil-RICO claim, a plaintiff must establish three common elements: (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." S*now Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 523–24 (5th Cir. 2016) (citation and quotation marks omitted); *see also Torres v.*

---

(holding that the "'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation"). Anderson's conspiracy allegations rest on a decades-old dispute between Anderson and the Deans and would include a host of other alleged offenses at various times other than February 2. That evidence, and those claims, would substantially predominate over the excessive-force claim. *See* 28 U.S.C. § 1367(c)(2).

4

*S.G.E. Mgmt., L.L.C.*, 838 F.3d 629, 636 (5th Cir. 2016), *cert. denied*, 138 S. Ct. 76 (2017) (holding that civil RICO claims require "(1) the identification of a person, who, (2) through a pattern of racketeering activity, (3) uses or invests income derived therefrom to acquire an interest in or to operate an enterprise engaged in interstate commerce, or acquires, maintains an interest in, or controls such an enterprise") (citation and quotation marks omitted). Neither Anderson's filings nor his testimony at the September 19, 2017 hearing demonstrates these elements.

Anderson also complains generally about events surrounding the alleged shooting that occurred on August 8, 2014, and the resulting criminal proceedings. That incident is the subject of another suit Anderson is pursuing before a different judge in this district. *See Anderson v. Tchula Police Dept.*, 3:15-CV-603-CWR-LRA ("*Anderson I*"). If Anderson is attempting to include the *Anderson I* allegations in this case—or expand upon them—then the Court again agrees with Judge Ball that those claims should be considered in *Anderson I*. *See* Mot. to Amend [71] at 6; R&R [74] at 2, 8; *see also Buchanan v. CCA/Tallahatchie Cty. Correctional Facility*, 704 F. App'x 307, 309 (5th Cir. 2017) (finding district court did not abuse its discretion "in implicitly denying" plaintiff leave to amend to assert new claims raised for the first time in objections to R&R). If Anderson means to dispute Judge Ball's recommendation that this Court deny the Motion to Consolidate [48], this Court lacks jurisdiction to grant Anderson's motion. Under rules of this district, Anderson would have to file his motion to consolidate in the first-filed case—i.e., *Anderson I*.

Finally, Anderson says he is seeking habeas relief as his imprisonment is unconstitutional. Aff. [76] at 4. Judge Ball did not construe Anderson's pleadings and hearing testimony as stating a claim for habeas relief. Assuming Anderson intended such a claim,

nothing in the record indicates he exhausted his state court remedies. *See Broussard v. Robinson*, No. 3:11-CV-2006, 2012 WL 652516, at *8 (W.D. La. Jan. 11, 2012) (explaining that state pretrial detainees cannot seek federal habeas relief "until such time as they have exhausted available state court remedies"), *report and recommendation adopted*, 2012 WL 651863 (W.D. La. Feb. 27, 2012). That request is likewise denied.

III. Conclusion

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Ball [74] is hereby adopted as modified. Anderson's Motion for Summary Judgment and to Consolidate [48], his Motion for Transfer into Federal Custody [60], and his Motion to Amend [71] are all denied. Defendant Joshua Macko's Motion to Dismiss [52] is granted. All remaining claims against all Defendants, other than the excessive-force claims related to the February 2, 2014 incident asserted against Maurice Flemming, Eddie Edison, and Faben Riley, are dismissed. And this case is stayed pending resolution of the underlying criminal proceedings. Counsel for Defendants should file a status report when those matters have been resolved.

**SO ORDERED AND ADJUDGED** this the 2nd day of February, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE